IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILLIAM J. NULL                                                                                    PLAINTIFF

     v.                                              CIVIL NO. 16-3052

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                          DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff, William J. Null, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on May 24, 2010, alleging an inability to work since January 1, 2006,[2] due to COPD (chronic obstructive pulmonary disease), an aneurysm on the brain, shortness of breath, depression, and high blood pressure. (Doc. 9, pp. 115, 122, 184). For DIB purposes, Plaintiff maintained insured status through

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] Plaintiff, through his counsel, amended his alleged onset date to May 14, 2010. (Doc. 9, pp. 16, 39).

1

December 31, 2014.[3] (Doc. 9, 144). An administrative hearing was held on July 8, 2011, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 30-61).

In a written decision dated October 4, 2011, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with limitations. (Doc. 9, pp. 16-25). The Appeals Council declined review of the ALJ's decision on November 16, 2011. (Doc. 9, pp. 7-10).

Plaintiff appealed the ALJ's October 4, 2011, decision to this Court. In a decision dated March 29, 2013, this Court remanded the case back to the Commissioner to further develop the record, and to re-evaluate Plaintiff's impairments. (Doc. 9, pp. 620-626 ). The Appeals Council vacated the ALJ's decision, re-opened and consolidated a subsequent favorable ALJ decision dated May 3, 2013, and remanded Plaintiff's case back to the ALJ on July 10, 2014. (Doc. 9, pp. 595-598, 611-617). A supplemental administrative hearing was held on May 19, 2015. (Doc. 9, pp. 562-594). Plaintiff appeared with counsel and testified.

By written decision dated February 23, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 9, p. 542). Specifically, the ALJ found Plaintiff had the following severe impairments: arteriovenous malformation (AVM), COPD, and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 9, p. 542). The ALJ found Plaintiff retained the RFC to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can only occasionally climb, balance, crawl, kneel, stoop, and/or crouch. In addition, the claimant must avoid hazards including

---

[3] Plaintiff's date last insured was determined to be December 31, 2015. (Doc. 9, pp. 599-600, 603).

> unprotected he8ights (sic) and moving machinery. The claimant must also avoid concentrated exposure to dusts, odors, gasses, and other similar pulmonary irritants. Finally, the claimant can perform simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed; and he is able to respond to supervision that is simple, direct, and concrete.

(Doc. 9, p. 544). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a compact assembler, a nut sorter, and an ampoule sealer. (Doc. 9, p. 553).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent

3

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(C). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.  Discussion:

Plaintiff argues the following issue on appeal: 1) the ALJ erred in failing to find Plaintiff's headaches a severe impairment

#### A.  Insured Status and Relevant Time Period:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2015. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of May 14, 2010, his amended alleged onset date of disability, through December 31, 2015, the last date he was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB he must prove that on or before the expiration of his insured status he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

With respect to Plaintiff's SSI application, benefits are not payable prior to the date of application, regardless of how far back disability may, in fact, be alleged or found to extend. See 20 C.F.R. § 416.335. Therefore, the relevant period is from May 24, 2010, the date Plaintiff protectively applied for SSI benefits, through February 23, 2016, the date of the ALJ's decision.

### B.     Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c).  While "severity is not an onerous requirement for the claimant to meet…it is also not a toothless standard." Wright v. Colvin, 789 F.3d 847, 855 (8th Cir. 2015) (citations omitted).  To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p.  The claimant has the burden of proof of showing he suffers from a medically-severe impairment at Step Two.   See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

While the ALJ did not find Plaintiff's alleged headaches to be a severe impairment during the time period in question, the ALJ stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe.  See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir. 2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").  The ALJ also pointed out that Plaintiff took over-the-counter pain medication for his headaches, and that Plaintiff denied experiencing headaches when he was examined by Dr. Ahmad Al-Khatib, a

consultative examiner, in September of 2015. The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments during the relevant time period.

### C. Subjective Complaints and Symptom Evaluation:

We now address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that during the time period in question Plaintiff was able to take care of his personal needs, prepare simple meals, do simple housekeeping, and to shop for groceries and necessities. The record revealed that in April of 2012, Plaintiff's wife was worried about Plaintiff's mental state after he came "home from work last night intoxicated." (Doc. 9, p. 964).

The record revealed that Plaintiff has been treated for a number of impairments that responded well to treatment. Plaintiff reported that he felt "good" in April of 2014, and that he

7

had been doing "well" in November of 2014. (Doc. 9, pp. 1111, 1130). With respect to Plaintiff's alleged disabling COPD, Plaintiff's medical providers recommended that Plaintiff stop smoking and despite these recommendations, Plaintiff continued to smoke throughout the relevant time period. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir.1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits). This is not a case in which the correlation between Plaintiff's smoking and Plaintiff's impairment is not readily apparent. Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008) (citations omitted). To the contrary, there is no dispute that smoking has a direct impact on Plaintiff's pulmonary impairments. Thus, the ALJ appropriately considered Plaintiff's failure to stop smoking. Id.

The Court would note that while Plaintiff alleged an inability to seek treatment or obtain his prescribed medication due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). It is noteworthy, that Plaintiff was able to come up with the funds to purchase cigarettes and alcohol throughout the relevant time period.

With regard to the testimony and statement of Plaintiff's wife and a letter from a former manager, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court

8

concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### D. The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform sedentary work with limitations. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject

the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### E.   Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a compact assembler, a nut sorter, and an ampoule sealer. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 31st day of July 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE